1 | Gary M. Anderson (State Bar No. 97385)
ganderson@fulpat.com
2 | I. Morley Drucker (State Bar No. 29505)
mdrucker@fulpat.com
3 | FULWIDER PATTON LLP
6100 Center Drive, Suite 1200
4 | Los Angeles, CA 90045
(310) 824-5555
5 | (310) 824-9696
litdocketla@fulpat.com
6 |
7 | Attorneys for Pacific Packaging Concepts, Inc.
8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11 |

| | |
|---|---|
| PACIFIC PACKAGING CONCEPTS, INC., a California corporation | CASE NO.: 2:19-cv-04755 |
| Plaintiff, | COMPLAINT FOR |
| v. | 1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)); |
| NUTRISYSTEM, INC., a Delaware corporation; NUTRI/SYSTEM IPHC, INC., a Delaware corporation; and DOES 1-10, inclusive, | 2) COUNTERFEIT TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114(1); 1116(d)) |
| Defendants. | 3) FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)); |
| | 4) FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)); |
| | 5) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200); |
| | 6) FALSE ADVERTISING (CAL. BUS. & PROF. CODE § 17500); |
| | 7) UNFAIR COMPETITION (CAL. COMMON LAW); AND |
| | 8) TRADEMARK INFRINGEMENT (CAL. COMMON LAW) |
| | DEMAND FOR JURY TRIAL |

COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.      Plaintiff Pacific Packaging Concepts, Inc. (hereinafter "Plaintiff") brings this action against Defendants Nutrisystem, Inc. and Nutri/System IPHC, Inc. (hereinafter collectively referred to as "Defendants").

2.      Plaintiff brings this action against Defendants under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and under the statutory and common laws of the State of California, to enjoin the current and prospective infringement of Plaintiff's FRESH START® trademark, as well as for false designation of origin, dilution, unfair competition and false advertising, and for the recovery of monetary damages resulting from those actions, and for injunctive relief.

## JURISDICTION AND VENUE

3.      The First, Second, Third and Fourth Claims for relief arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 et seq.  Jurisdiction over the subject matter of these claims is vested in this court under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

4.      The Fifth, Sixth, Seventh and Eighth claims for relief arise under the statutory and common laws of the State of California.  Jurisdiction over the subject matter of these claims is vested in this Court under 28 U.S.C. § 1338(b) in that these claims are joined with a substantial and related claim under the United States Trademark laws.  Jurisdiction over these claims is also vested in this Court under 28 U.S.C. § 1367(a) based upon the principles of supplemental jurisdiction.

5.      A substantial part of the events giving rise to the claims asserted herein occurred in the Central District of California and have caused, and continue to cause, damage to Plaintiff in this District.  Further, on information and belief, Defendant has advertised, offered for sale, and, unless enjoined by this Court, will continue to advertise and offer for sale products and programs in this District utilizing a counterfeit mark as set forth more fully herein.  Accordingly, this Court has personal jurisdiction over the Defendant and venue in this District is proper

1   under 28 U.S.C. 1391(b) and 1391(c).

2   **THE PARTIES**

3   6.      Plaintiff is a corporation organized under the laws of the State of

4   California, with a principal place of business at 1067 E. Bedmar Street, Carson,

5   California 90746.  Plaintiff conducts business under the name Fresh Start Vitamin

6   Co.  Plaintiff manufactures and sells on a national basis an entire line of dietary

7   supplements containing multi-vitamins and minerals under the federally registered

8   trademark FRESH START®.

9   7.      Upon information and belief, Defendant Nutrisystem, Inc. is a

10   Delaware corporation, with a principal place of business at 600 Office Center Drive,

11   Fort Washington, Pennsylvania  19034.  Upon information and belief, Defendant

12   Nutrisystem, Inc. has recently begun marketing a dietary supplement containing

13   multi-vitamins and minerals under the trademark FRESH START.

14   8.      Upon information and belief, Defendant Nutri/System IPHC, Inc. is a

15   Delaware corporation, with a principal place of business 1011 Center Road,

16   Wilmington, Delaware 19805.  Upon further information and belief, Defendant

17   Nutri/System IPHC, Inc. is a subsidiary of Nutrisystem, Inc. and is a holding

18   company which holds title to the intellectual property used by Defendant

19   Nutrisystem, Inc.

20   9.      Upon information and belief, Defendant Nutrisystem, Inc.'s use of the

21   trademark FRESH START has been under license from Defendant Nutri/System

22   IPHC, Inc.

23   10.     Plaintiff is unaware of the actions, names and/or true capacities of

24   Defendants, whether individual, corporate and/or partnership entities, named herein

25   as DOES 1 through 10, inclusive (the "DOE Defendants"), and therefore sues them

26   by their fictitious names.  Plaintiff will seek leave to amend this complaint when

27   their actions and/or true names and capacities are ascertained.  Plaintiff is informed

28   and believes, and thereupon alleges, that said Defendant and the DOE Defendants

1   are responsible for the wrongs alleged herein, and that at all times referenced each

2   was the agent and servant of the other Defendants and was acting within the course

3   of scope of said agency and service.

4         11.    Plaintiff is informed and believes, and thereupon alleges, that at all

5   relevant times herein, each of the Defendants herein, including the DOE Defendants

6   (collectively, "Defendants"), directed, knew or reasonably should have known of the

7   acts and behavior alleged herein and the damages caused thereby, and by their

8   actions and or inactions directed, ratified and encouraged such acts and behavior.

9   Plaintiff further alleges that Defendants had a non-delegable duty to prevent or cure

10   such acts and the behavior described herein, which duty Defendants failed and/or

11   refused to perform.

12   **FACTUAL ALLEGATIONS**

13   **<u>Plaintiff</u>**

14         12.    Since at least as early as 1979, Plaintiff and its predecessors, have

15   marketed a variety of vitamin and dietary supplements.  All of these products have

16   been marketed under the house mark "FRESH START."  In connection with its

17   various vitamin and dietary supplement products, Plaintiff has developed a family of

18   "_____ Start" trademarks.  These include, by way of example, GREAT START®,

19   FRESH START®, ULTRA START®, SUPER START®, OMEGA START®,

20   HEART START®, MUSCLE START®, HERBAL START®, KID'S START®,

21   BASIC START®, SUPREME START® and POWER START®.  In addition to being

22   the house mark, one of the Plaintiff's products bears the name and is being marketed

23   and sold under the FRESH START® product mark.

24         13.    Attached as Exhibit A is a print out of the home page of Plaintiff's

25   website showing each of its different products bearing the FRESH START® house

26   mark.

27         14.    Commencing in 1980, Plaintiff, through its predecessor, adopted and

28   began using the trademark FRESH START® in connection with vitamin and dietary

1   supplement products.  Plaintiff's products are sold in single use packets, as shown
2   from various years in Exhibit B, as well as sold in 15-Day, 30-Day and 90-Day
3   boxes. Plaintiff's 30-Day box of FRESH START® product is shown in Exhibit C.
4   Exhibit D is a photograph of Plaintiff's FRESH START® packet contained in both
5   single use packets as well as 15, 30 and 90-Day boxes.

6        15.    In 2001 Plaintiff obtained United States Trademark Registration No.
7   2,463,131 for the mark FRESH START® for use in connection with dietary
8   supplements containing multi-vitamins and minerals.  Plaintiff's registration lists the
9   goods in International Class 005, in accordance with the classification of goods and
10  services under the International Classification of Goods and Services under the Nice
11  Agreement, and which is the class that covers dietary supplements.  In 2006 Plaintiff
12  filed a Combined Section 8 & 15 Affidavit of Use and said registration is now
13  incontestable under 15 U.S.C. § 1065.  Plaintiff renewed the registration in 2010.  A
14  copy of Plaintiff's Certificate of Registration is attached as Exhibit E.

15       16.    Plaintiff's FRESH START® dietary supplement products are marketed
16  via Plaintiff's own website www.freshstartvitamins.com; as well as at
17  www.amazon.com; www.walmart.com and sold in thousands of convenience stores,
18  health food stores and other retail outlets nationwide.

19       17.    Since 1980, Plaintiff has sold over 500 million individual
20  vitamin/dietary supplement packets with a retail value of $725,000,000 bearing the
21  house mark FRESH START®.  Of these, Plaintiff has sold in excess of 75 million
22  units of their specific product named FRESH START® with a retail value of
23  $115,000,000.

24       18.    Plaintiff has advertised and promoted its FRESH START® products via
25  trade shows, catalogs, mailings, promotions and incentives for stores and other
26  means to promote the FRESH START® house mark and has spent in excess of
27  $3,500,000 to do so.

28

19.     Plaintiff's FRESH START® products are dietary supplements as defined in the Dietary Supplement Health and Education Act of 1984 and as such is subject to the labeling requirements established by the Food and Drug Administration (FDA).  Among the labeling requirements, the product packaging or labeling must state that the product is a "dietary supplement" and it must include a "Supplement Facts" panel.  21 C.F.R. §101.36(e)  In compliance with the labeling requirements, Plaintiff's FRESH START® product packaging contains a "Supplement Facts" informational panel listing the vitamins and minerals contained in the product.  The packaging for Plaintiff's product also identifies the product as a "dietary supplement."

**Defendants**

20.     Upon information and belief, since 1974 Defendant Nutrisystem, Inc. has marketed and sold weight loss food plans and dietary supplements to assist individuals in eating healthy and promoting weight loss.  Defendant Nutrisystem, Inc. has marketed its products under the Nutrisystem, Inc.'s house brand.  Upon information and belief, Defendant Nutrisystem, Inc.'s use of the mark Nutrisystem, Inc. is under license from Defendant Nutri/System IPHC, Inc.

21.     In late 2003, Defendant Nutrisystem, Inc. added a dietary supplement nutritional base mix product for use in a weight loss/weight management program to its existing product line, under the trademark SURE START.  Defendant Nutri/System IPHC, Inc. obtained United States Trademark Registration No. 3,100,874 for the mark.  The registration was filed and issued in International Class 005 covering dietary supplements.  Defendant Nutri/System IPHC, Inc. also obtained United States Trademark Registration No. 3,131,848 for a stylized version of its SURE START trademark.  Again this registration was issued  in International Class 005, again covering dietary supplements.

22.    Defendant Nutri/System IPHC, Inc. did not submit the Section 8 Affidavits required under 15 U.S.C. § 1058 to maintain the two registrations and both registrations were cancelled in 2013.

23.    Upon information and belief, at that point in time Defendants had abandoned the SURE START brand.

24.    On November 6, 2018, Defendant Nutri/System IPHC, Inc. filed intent-to-use United States Trademark Application, Serial No. 88/183,300 to register the mark FRESH START for use in connection with "bases for making milk shakes; beverages having a milk base; dairy-based beverages; dairy-based powders for making dairy-based food beverages and shakes; milk-based beverages containing milk concentrates, vegetable oil and added nutrients; milk-based energy drinks; shakes; soy-based food beverage used as a milk substitute" in International Class 029.  International Class 029 covers "milk products."  By filing on an intent-to-use basis, Defendant Nutri/System IPHC, Inc. did not submit a specimen showing trademark usage of the mark.  Defendant's description of the goods in the trademark application is deceptive and misleading in that it fails to disclose to the USPTO that the product contains probiotics, vitamins and minerals which would require it to be classified as a dietary supplement falling in Class 005 and thus it fails to properly identify the goods as dietary supplements which should be identified in International Class 005 and not Class 029.

25.    On November 6, 2018, also Defendant Nutri/System IPHC, Inc. filed intent-to-use United States Service Mark Application, Serial No 88/183,329 to register the mark FRESH START for use in connection with "providing weight reduction and weight management, treatment and supervision through programs featuring counseling and specialized low calorie, portion controlled foods, creating diet regimes; providing advice, consultation and information in the field of weight control including telephone and online advice, consultation and information in the fields of health, wellness and nutrition to individuals to help them achieve weight

loss and weight management with a healthy lifestyle" in International Class 044. Here again the description of weight loss and management programs is misleading since it fails to indicate that the programs are based, at least in part, upon the use of dietary supplements by the consumers.

26.     In addition to improperly categorizing the product in the trademark application, Defendant Nutrisystem, Inc.'s packaging/labeling for the product fails to comply with the federal labeling requirement.  The product contains vitamins, minerals and probiotics and is therefore a dietary supplement.  Defendant Nutrisystem, Inc.'s television advertisements for the product promotes and markets it as a dietary supplement.  The label clearly states that it is a Probiotic Shake Mix containing one Billion CFUs Active Cultures along with 23 added vitamins and minerals, including Chromium.  The label also identifies six function/structure claims, effects that the added vitamins and nutrients will have on the body.  The product is clearly a dietary supplement; however, Defendant Nutrisystem, Inc.'s packaging fails to identify the product as a "dietary supplement" and it fails to include the required "Supplement Facts" information panel and mandatory FDA disclaimer, as it relates to function claims, namely, "These statements have not been evaluated by the Food & Drug Administration.  This product is not intended to diagnose, treat, cure or prevent any disease."  Attached as Exhibit F is an image of the packaging for Defendants' FRESH START product.

27.     Upon information and belief Defendant Nutrisystem, Inc. introduced its FRESH START product and weight reduction programs in December 2018 or January 2019.  Upon information and belief, Defendant Nutrisystem, Inc. has traditionally sold its dietary supplement products in connection with its membership meal plans.  However, Defendant Nutrisystem, Inc.'s FRESH START dietary supplement is being sold separately, apart from, its meal plans, and as such is in direct competition with Plaintiff's FRESH START® products.  Defendants' FRESH

1    START dietary supplement product is marketed to the same class of consumers as

2    Plaintiff's FRESH START® products.

3        28.    At the time Defendant Nutrisystem, Inc. introduced its FRESH START

4    dietary supplement product it had constructive notice of Plaintiff's FRESH START®

5    registration for use in connection with dietary supplements.  15 U.S.C. § 1072.

6        29.    Upon information and belief, before filing its intent-to-use applications

7    and launching a new product under the FRESH START mark, Defendants

8    conducted or had conducted, a trademark search.  Upon further information and

9    belief, the trademark search revealed Plaintiff's Registration No. 2,463,131 for the

10   mark FRESH START® for use in connection with dietary supplements.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Under 15 U.S.C. § 1114(1))

13       30.    Plaintiff fully incorporates and repeats and realleges herein the

14   allegations in paragraphs 1-29 above.

15       31.    Plaintiff is the owner of U.S. Trademark Registration No. 2,463,131 for

16   the mark FRESH START®.

17       32.    Plaintiff uses and has used its federally registered FRESH START®

18   trademark throughout the United States.  Plaintiff's FRESH START® trademark is

19   well known to the trade and members of the purchasing public who purchase dietary

20   supplements.  The public associates and identifies Plaintiff's FRESH START®

21   trademark with Plaintiff.

22       33.    The Defendants' unauthorized promotions, advertising, and use of

23   Plaintiff's FRESH START® mark in connection with dietary supplements and

24   weight reduction and weight management programs utilizing dietary supplements, is

25   deceptively similar to Plaintiff's federally registered FRESH START® trademark.

26   Defendants' unauthorized usage of Plaintiff's FRESH START® mark in connection

27   with Defendants' dietary supplements and programs is identical and/or highly

28   similar to Plaintiff's products, which is likely to cause confusion, mistake, and

deception on the part of the consuming public as to the source of origin of goods to which the designation is applied and as to sponsorship and affiliation as between Plaintiff and Defendants.  As shown on Exhibit G, Plaintiff's FRESH START® products and Defendants' infringing FRESH START products are sold side-by-side on www.google.com.

34.     The Defendants' unauthorized promotion, advertising, and use of the FRESH START® mark constitutes federal trademark infringement in violation of 15 U.S.C. § 1114.

35.     As a result of Defendants' acts of federal trademark infringement, as alleged herein, Plaintiff is entitled to monetary damages, as provided for under the Lanham Act, §35(a), 15 U.S.C. § 1117(a), in an amount to be proven at trial.

36.     Defendants' unauthorized use of Plaintiff's registered FRESH START® mark, has and will continue to result in irreparable harm to Plaintiff's reputation for which there is no adequate remedy at law.

37.     Defendants' acts have caused and will continue to cause further irreparable injury to Plaintiff unless preliminarily and permanently enjoined by this Court.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining Defendants from the use of Plaintiff's registered FRESH START®, and any other mark or name incorporating the FRESH START® mark under the Lanham Act § 15, 15 U.S.C. § 1116.

38.     Plaintiff is also entitled to an order for Defendants to deliver up for destruction all goods, and promotional and marketing products, of any kind, bearing the mark FRESH START in any format by itself, and any other mark or name incorporating FRESH START under 15 U.S.C. § 1118.

39.     As a result of Defendants' unauthorized and willful infringement of Plaintiff's registered FRESH START® mark, Plaintiff is entitled to Defendants' profits, reasonable attorney's fees, costs of the action, and, due to the exceptional nature of this case, enhanced damages up to three times the amount of the calculated

1  damages pursuant to 15 U.S.C. § 1117.

2  <center>**SECOND CLAIM FOR RELIEF**</center>

3  <center>**(Counterfeit Trademark Infringement Under 15 U.S.C. §§ 1114(1) and 1116(d))**</center>

4       40.    Plaintiff fully incorporates and repeats and realleges herein the

5  allegations in paragraphs 1-39 above.

6       41.    Defendants' use of FRESH START on dietary supplements constitutes

7  use of a counterfeit mark under 15 U.S.C. § 1116(d).

8       42.    Plaintiff uses and has used its federally registered FRESH START®

9  trademark throughout the United States.  Plaintiff's FRESH START® trademark is

10  well known to the trade and members of the purchasing public who purchase dietary

11  supplements.  The public associates and identifies Plaintiff's FRESH START®

12  trademark with Plaintiff.

13       43.    Defendants' unauthorized use of Plaintiff's registered FRESH START®

14  mark, has and will continue to result in irreparable harm to Plaintiff's reputation for

15  which there is no adequate remedy at law.

16       44.    Defendants' acts have caused and will continue to cause further

17  irreparable injury to Plaintiff unless preliminarily and permanently enjoined by this

18  Court.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief

19  enjoining Defendants from the use of Plaintiff's registered FRESH START®, and

20  any other mark or name incorporating the FRESH START® mark under the Lanham

21  Act § 15, 15 U.S.C. § 1116.

22       45.    Defendants' use of FRESH START is a counterfeit mark under

23  15 U.S.C. § 1116(d)(1)(B).  Accordingly, Plaintiff is entitled to the issuance of a

24  seizure order providing for the seizure of all of Defendants' products, including

25  dietary supplements, bearing the mark FRESH START.

26       46.    As a result of Defendants' acts of federal trademark infringement, as

27  alleged herein, Plaintiff is entitled to monetary damages, as provided for under the

28  Lanham Act, §35(a), 15 U.S.C. § 1117(a), in an amount to be proven at trial.

47.     Alternatively, in view of Defendants' use of a counterfeit mark, Plaintiff is entitled to an award of statutory damages under 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

48.     Plaintiff fully incorporates and repeats and realleges herein the allegations in paragraphs 1-47 above.

49.     Defendants' acts constitute Federal False Designation of Sponsorship, Affiliation, and Origin as to the goods and services made available by Defendants and constitute a false and misleading representation under Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a).

50.     Plaintiff's goods, as used in connection with Plaintiff's FRESH START® mark are related in nature and are provided to the same class of consumers through the same channels of trade as the goods and services offered by Defendant in connection with the FRESH START mark.

51.     Defendants' use of the FRESH START mark is used in connection with similar and related goods as marketed by Plaintiff under Plaintiff's FRESH START® mark, and is likely to cause confusion, mistake and deceit as to the affiliation, connection or association of Defendants with Plaintiff and confusion as to whether Defendants' goods and services originate with or are sponsored or approved by Plaintiff.

52.     The Defendants have unlawfully used Plaintiff's FRESH START® mark to sell and promote its products and services for profit and benefit.

53.     Defendants' use of an identical mark to Plaintiff's FRESH START® was done in disregard of constructive and actual notice of Plaintiff's rights in and to the FRESH START® mark, thus resulting in the Defendants' unfair profiting from Plaintiff's good reputation and good will.

54.     As a result of Defendants' acts of false designation of origin, as alleged herein, Plaintiff is entitled to monetary damages, as provided for under the Lanham

1  Act, §35(a), 15 U.S.C. § 1117(a), in an amount to be proven at trial.

2      55.    As a result of Defendants' willful infringement, this case is exceptional

3  and Plaintiff is entitled to recover Defendants' profits, reasonable costs, and

4  attorney's fees pursuant to Lanham Act, §35(a), 15 U.S.C. § 1117(a).

5      56.    Defendants' unauthorized use of the FRESH START® mark, has and

6  will continue to result in irreparable harm to Plaintiff's reputation for which there is

7  no adequate remedy at law.

8      57.    Defendants' acts have caused and will continue to cause further

9  irreparable injury to Plaintiff unless preliminarily and permanently enjoined by this

10  Court.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief

11  enjoining Defendants from use of the FRESH START® mark, and any other mark or

12  name incorporating the FRESH START mark under the Lanham Act §15, 15 U.S.C.

13  § 1116.

14      58.    As a result of Defendants' unauthorized and willful infringement of

15  Plaintiff's FRESH START® mark, Plaintiff is entitled to Defendants' profits,

16  reasonable attorney's fees, costs of the action, and, due to the exceptional nature of

17  this case, enhanced damages up to three times the amount of the calculated damages

18  pursuant to 15 U.S.C. § 1117.

19              **FOURTH CLAIM FOR RELIEF**

20        **(Federal Trademark Dilution Under 15 U.S.C. § 1125 (c))**

21      59.    Plaintiff fully incorporates and repeats and realleges herein the

22  allegations in paragraphs 1-58 above.

23      60.    This claim for relief is for trademark dilution under Section 43(c) of the

24  Lanham Act, 15 U.S.C. § 1125 (c).

25      61.    Plaintiff's FRESH START® mark has a distinctive and famous quality

26  in the marketplace which is being diluted by the conduct of the Defendants.

27      62.    Plaintiff's FRESH START® mark is famous due to, among other

28  factors, the inherent and acquired distinctiveness of the marks, the continued

1   duration of Plaintiff's use and extent of advertising and publicity, the amount of

2   Plaintiff's sales of product under the mark, the geographical extent of the trading

3   area in which Plaintiff uses its marks and the magnitude of exposure of Plaintiff's

4   FRESH START® mark.

5       63.    The Defendants have used Plaintiff's FRESH START mark in

6   commerce in providing goods and services in competition with Plaintiff.

7       64.    The Defendants' and Plaintiff's products are marketed to the same class

8   of consumers.

9       65.    In connection with the introduction of its FRESH START dietary

10   supplement product and FRESH START meal plan, Defendants have and are

11   currently engaged in a massive high-profile advertising campaign to promote its

12   product using Plaintiff's FRESH START® mark.  This includes multiple live venue

13   and social media product promotions using celebrity endorsements, see Exhibit H.

14   In addition, upon information and belief, from mid-April 2019 to mid-May 2019,

15   Defendant Nutrisystem, Inc. ran commercial airings on national television

16   consisting of over 4,300 Nutrisystem commercial advertisements promoting the

17   FRESH START program, and FRESH START shakes, according to iSpot.tv, an

18   advertising analytics company, see Exhibit I.  The Defendant Nutrisystem, Inc. is

19   also promoting and selling the FRESH START program and FRESH START shakes

20   on major shopping networks such as HSN and QVC, see Exhibit J.

21       66.    The use of Plaintiff's FRESH START® mark by Defendants in

22   connection with their products and services, in connection with its massive

23   promotional campaign, has tended to and will tend to dilute the distinctive quality of

24   Plaintiff's FRESH START® mark, and further has diminished the goodwill

25   associated with Plaintiff's FRESH START® mark.

26       67.    The Defendants' dilution of Plaintiff's FRESH START® mark has

27   caused irreparable damage to Plaintiff and the Defendants' use of Plaintiff's FRESH

28   START® mark, will continue to cause such damage unless enjoined by this Court.

68.     Plaintiff has no adequate remedy at law for Defendants' actions and Plaintiff is entitled to injunctive relief under 15 U.S.C. §§ 1116(c)(1), 1125(c)(1).

<div align="center">

**FIFTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code § 17200)**

</div>

69.     Plaintiff fully incorporates and repeats and realleges herein the allegations in paragraphs 1-68 above.

70.     This Count arises under Cal. Bus. & Prof. Code § 17200.

71.     Defendants' use of Plaintiff's FRESH START® mark in connection with its business as stated herein constitutes an unlawful, unfair or fraudulent business practice and has injured and will, unless enjoined by the Court, continue to cause injury to Plaintiff's business reputation and to dilute the distinctive quality of Plaintiff's FRESH START® mark in violation of Cal. Bus. & Prof. Code § 17200, to Plaintiff's irreparable harm.

72.     Plaintiff has no adequate remedy at law.  Accordingly Plaintiff is entitled to both preliminary and permanent injunctive relief enjoining Defendants from use of the FRESH START® mark, and any other mark or name incorporating the FRESH START® mark under Cal. Bus. & Prof. Code § 17203.

73.     As a result of Defendants' acts of unfair competition, as alleged herein, Plaintiff is entitled to monetary damages in an amount to be proven at trial.

74.     Defendants' acts of unfair competition have been done with oppression, fraud and malice thereby entitling Plaintiff to an award of exemplary damages pursuant to California Civil Code § 3294.

<div align="center">

**SIXTH CLAIM FOR RELIEF**

**FALSE AND MISLEADING ADVERTISING**

**(Cal. Bus. & Prof. Code §17500)**

</div>

75.     Plaintiff fully incorporates and repeats and realleges herein the allegations in paragraphs 1-74 above.

76.     This Count arises under Cal. Bus. & Prof. Code § 17500.

77.     Defendants' unauthorized use of Plaintiff's FRESH START® mark in connection with their business as alleged herein constitutes false and misleading advertising and has injured and, unless enjoined by the Court, will continue to cause injury to Plaintiff's business reputation and to dilute the distinctive quality of Plaintiff's FRESH START mark in violation of Cal. Bus. & Prof. Code § 17500, to Plaintiff's irreparable harm, under Cal. Bus. & Prof. Code § 17535.

78.     Plaintiff has no adequate remedy at law.  Accordingly, Plaintiff is entitled to both preliminary and permanent injunctive relief enjoining Defendants from use of the FRESH START mark, and any other mark or name incorporating the FRESH START mark.

79.     As a result of Defendants' acts of false advertising, as alleged herein, Plaintiff is entitled to monetary damages in an amount to be proven at trial.

80.     Defendants' acts of false advertising have been done with oppression, fraud and malice thereby entitling Plaintiff to an award of exemplary damages pursuant to California Civil Code § 3294.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

81.     Plaintiff fully incorporates and repeats and realleges herein the allegations in paragraphs 1-80 above.

82.     Defendants have engaged in acts of unfair competition in violation of California's common law.

83.     Defendants' acts of advertising, promoting, and using in the California marketplace marks identical and confusingly similar to Plaintiff's FRESH START® mark and in connection with goods and services identical or highly similar to those offered by Plaintiff have created a likelihood of confusion amongst the purchasing public as to the sponsorship and affiliation between the Parties and as to the source of the goods and services enumerated herein.

84.     As a result of Defendants' acts of unfair competition, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from use of the FRESH START® mark, and any other mark or name incorporating the FRESH START® mark and monetary damages, in an amount to be proven at trial, as warranted under California common law.

85.     As a result of Defendants' acts of unfair competition, as alleged herein, Plaintiff is entitled to monetary damages in an amount to be proven at trial.

86.     Defendants' acts of unfair competition have been done with oppression, fraud and malice thereby entitling Plaintiff to an award of exemplary damages pursuant to California Civil Code § 3294.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

87.     Plaintiff fully incorporates and repeats and realleges herein the allegations in paragraphs 1-86 above.

88.     Defendants have engaged in acts constituting common law trademark infringement.

89.     Defendants have used in commerce reproductions, counterfeits and copies of Plaintiff's FRESH START® mark in connection with the sale, offering for sale, distribution, and advertising of goods and services identical or highly similar to those offered by Plaintiff, to the same target consumers via overlapping channels of trade.

90.     Defendants' unauthorized infringing acts as alleged herein are likely to cause consumer confusion, deceiving consumers into the into the mistaken belief that Defendants' products or services emanate from, are associated with, or authorized by, Plaintiff.

91.     Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff.

92.     As a result of Defendants' acts of trademark infringement, as alleged

herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from use of the FRESH START® mark, and any other mark or name incorporating the FRESH START® mark and monetary damages, in an amount to be proven at trial, under California common law.

93.     As a result of Defendants' acts of trademark infringement, as alleged herein, Plaintiff is entitled to monetary damages in an amount to be proven at trial.

94.     Defendants' acts of infringement have been done with oppression, fraud and malice thereby entitling Plaintiff to an award of exemplary damages pursuant to California Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant relief against Defendants Nutrisystem, Inc. and Nutri/System IPHC, Inc. as follows:

A.     For a judgment that Defendants have committed acts of Federal Trademark Infringement of Plaintiff's Registered FRESH START® mark (Reg. No. 2,463,131) in violation of 15 U.S.C. § 1114(1);

B.     For a judgment that Defendants' use of FRESH START constitutes use of a counterfeit mark under 15 U.S.C. § 1116(d)(1).

C.     For a judgment that Defendants' acts of Federal Trademark Infringement have been willful;

D.     For a judgment that Defendants' use of Plaintiff's FRESH START® mark, constitutes False Designation of Origin, which is likely to cause confusion, mistake, or deception as to the affiliation, connection or association with Plaintiff and as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff in violation of 15 U.S.C. § 1125(a);

E.     For a judgment that Defendants' acts of False Designation of Origin have been willful;

F.     For a judgment that Defendants' use of Plaintiff's famous FRESH START® mark, constitutes Federal Trademark Dilution of Plaintiff's famous mark in violation of 15 U.S.C. § 1125(c);

G.     For a judgment that Defendants' acts constituting Federal Trademark Dilution have been willful;

H.     For a judgment that Defendants' acts complained of herein constitute Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200 et seq.;

I.     For a judgment that Defendants' acts complained of herein constitute False and Misleading Advertising in violation of Cal. Bus. & Prof. Code § 17500;

J.     For a judgment that Defendants' acts complained of herein constitute Trademark Infringement under the common law of California;

K.     For a judgment that Defendants' acts complained of herein constitute Unfair Competition under the common law of California;

L.     For a judgment that Defendants' acts of Unfair Competition and False and Misleading Advertising under California statutory and common laws have been willful;

M.     For the grant of preliminary and permanent injunctive relief enjoining Defendants and all those in privity, concert or participation with them, against further acts of Federal Trademark Infringement, Federal False Designation of Origin, and Federal Dilution pursuant to 15 U.S.C. § 1116, said injunctive relief to provide for an order requiring the Defendants to immediately stop all promotional and marketing materials including, but not limited to, all television commercials, internet advertising and social media advertising that mentions or depicts the Plaintiff's FRESH START® mark.  In addition, the Defendants are to immediately stop all sales of any good bearing the Plaintiff's FRESH START® mark on their website, and contact and advise all third party sellers, such as, but not limited to, QVC.com, HSN.com, Amazon.com to discontinue selling any goods bearing the Plaintiff's FRESH START® mark;

N.     For the grant of an order requiring Defendants to deliver up for destruction all goods, and promotional or marketing materials directed to those goods, of any kind bearing the mark FRESH START in any format by itself, and any other mark or name incorporating the FRESH START, and colorable imitations of Plaintiff's FRESH START mark under 15 U.S.C. § 1118;

O.     For the grant of an award requiring Defendants to account to Plaintiff or to pay over to Plaintiff an amount equal to all gains, profits, and advantages derived by the Defendant by reason of the Federal Trademark Infringement of Plaintiff's marks and acts of Unfair Competition pursuant to 15 U.S.C. § 1117;

P.     For an award of monetary damages constituting Plaintiff's losses resulting from Defendants' acts of Federal Trademark Infringement of Plaintiff's marks and acts of Unfair Competition in an amount to be proven at trial pursuant to 15 U.S.C. § 1117;

Q.     At Plaintiff's election an award of statutory damages pursuant to 15 U.S.C. § 1117(c).

R.     For an award of treble damages in an amount up to three time the damages award in light of Defendants' willful acts of Federal Trademark Infringement, Federal False Designation of Origin and Federal Trademark Dilution;

S.     For an award of damages resulting from Defendants' acts of Trademark Infringement, Unfair Competition, and False Advertising pursuant to California Business and Professions § 14340 and California Common law in an amount to be proven at trial;

T.     For a finding that Defendants' conduct was oppressive, malicious and fraudulent and an award of exemplary damages under California Civil Code § 3294;

U.     For an award of Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

/ / /

/ / /

1    For an award of any other relief as the Court deems just and proper.

2    DATED:  May 31, 2019          FULWIDER PATTON LLP

3

4

5    By: _____

6                                Gary M. Anderson
                                  I. Morley Drucker
7                                Attorneys for Pacific Packaging Concepts, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as provided by Rule 38(a) of the Federal Rules Of Civil Procedure.

DATED:  May 31, 2019          FULWIDER PATTON LLP

By: _____

Gary M. Anderson
I. Morley Drucker
Attorneys for Pacific Packaging Concepts, Inc.