Michael K. Friedland (SBN 157,217)
Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
Lauren.keller@knobbe.com
Jason A. Champion (SBN 259,207)
Jason.Champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
Pacific Packaging Concepts, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PACIFIC PACKAGING CONCEPTS, INC., | Civil Action No. 2:19-cv-04755-ODW-Ex |
| Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | |
| NUTRISYSTEM, INC., NURTISYSTEM IPHC, INC., | Hon. Otis D. Wright II |
| Defendants. | |

Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and receipt of information in discovery in this action, Plaintiff Pacific Packaging Concepts, Inc. ("PPCI"), and Defendant Nutrisystem, Inc. ("Nutrisystem"), have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secret, proprietary, and other confidential research, development, financial, business, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein, the parties hereby stipulate to the following terms:

## I. PURPOSES AND LIMITATIONS

1.1   Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information that may warrant special protection from public disclosure and from use for purposes other than those specifically set forth in this Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II. GOOD CAUSE STATEMENT

2.1   This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information that warrants special protection from public disclosure and from use for any purpose other than the litigation or settlement of this action. Such confidential and proprietary materials and information include, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which

- 1 -

1   may be privileged or otherwise protected from disclosure under state or federal
2   statutes, court rules, case decisions, or common law.  The parties stipulate that
3   disclosure of this information would cause competitive harm to the parties.  For
4   example, the parties believe that competitors will gain an unfair advantage if they
5   learn the parties' Protected Material, such as financial information, accounting
6   information, customer lists, vendor lists, costs or profits structure, sales
7   information, product lines, business and marketing strategy or information about
8   operations.  Accordingly, to expedite the flow of information, to facilitate the
9   prompt resolution of disputes over confidentiality of discovery materials, to
10  adequately protect information the parties are entitled to keep confidential, to
11  ensure that the parties are permitted reasonable necessary uses of such material in
12  preparation for and in the conduct of trial, to address their handling at the end of
13  the litigation, and to serve the ends of justice, a protective order for such
14  information is justified in this matter.  It is the intent of the parties that information
15  will not be designated as confidential for tactical reasons and that nothing will be
16  so designated without a good faith belief that it has been maintained in a
17  confidential, non-public manner, and there is good cause why it should not be part
18  of the public record of this case.

19  **III.  <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER</u>**
20  **<u>SEAL</u>**

21  3.1  The parties further acknowledge, as set forth in Section 14.3, below,
22  that this Stipulated Protective Order does not entitle them to file confidential
23  information under seal; Local Civil Rule 79-5 sets forth the procedures that must
24  be followed and the standards that will be applied when a party seeks permission
25  from the Court to file material under seal.

26  3.2  There is a strong presumption that the public has a right of access to
27  judicial proceedings and records in civil cases.  In connection with non-
28  dispositive motions, good cause must be shown to support a filing under seal.  *See*

- 2 -

1  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006),
2  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-*
3  *Wellbon v. Sony Electronics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even
4  stipulated protective orders require good cause showing), and a specific showing
5  of good cause or compelling reasons with proper evidentiary support and legal
6  justification, must be made with respect to Protected Material that a party seeks
7  to file under seal. The parties' mere designation of Disclosure or Discovery
8  Material as Protected Material does not—without the submission of competent
9  evidence by declaration, establishing that the material sought to be filed under
10 seal qualifies as confidential, privileged, or otherwise protectable—constitute
11 good cause.

12        3.3  Further, if a party requests sealing of material used in connection with
13 a dispositive motion or trial, then compelling reasons, not only good cause, for
14 the sealing must be shown, and the relief sought must be narrowly tailored to
15 serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*,
16 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information,
17 document, or thing sought to be filed or introduced under seal in connection with
18 a dispositive motion or trial, the party seeking protection must articulate
19 compelling reasons, supported by specific facts and legal justification, for the
20 requested sealing order. Again, competent evidence supporting the application to
21 file documents under seal must be provided by declaration.

22        3.4  Any document that is not confidential, privileged, or otherwise
23 protectable in its entirety will not be filed under seal if the confidential portions
24 can be redacted. If documents can be redacted, then a redacted version for public
25 viewing, omitting only the confidential, privileged, or otherwise protectable
26 portions of the document, shall be filed. Any application that seeks to file
27 documents under seal in their entirety should include an explanation of why
28 redaction is not feasible.

## IV. **DEFINITIONS**

4.1   Challenging Party:   a Party or Non-Party that challenges the designation of information or items under this Order.

4.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.3   Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."

4.4   Disclosure or Discovery Material:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated for purposes of litigation in this matter, including documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, expert reports, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

4.5   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

4.6   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items:  Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  It

- 4 -

includes, without limitation, (1) highly sensitive settlement and/or licensing agreements (including drafts thereof) that are subject to a third-party confidentiality agreement requiring Highly Confidential—Attorneys' Eyes Only designation; (2) highly sensitive corporate strategy data; (3) highly sensitive product information containing information not available to competitors or the public concerning present products, anticipated products or products in development; (4) pending but unpublished patent applications; (5) customers' identities and personal information; and (6) other highly confidential technical, research and development, and financial information.

4.7    Non-Party:    any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.8    Outside Counsel:   attorneys and their support staff who are not employees of a party to this action and who (i) have appeared in this action on behalf of such party; (ii) are retained to represent or advise a party regarding this action, have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A) before receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material, and, by the close of each calendar quarter, have returned the signed the "Acknowledgment and Agreement to be Bound" to all counsel of record in this action; (iii) are employed with a law firm which has appeared on behalf of a party; or (iv) are employed with a law firm that is retained to represent or advise a party regarding this action, have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A) before receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material, and, by the close of each calendar quarter, have returned the signed the "Acknowledgment and Agreement to be Bound" to all counsel of record in this action.

4.9    House Counsel:   attorneys who are employees of a party to this Action (as well as their support staff).  House Counsel does not include Outside

1    Counsel or any other counsel.

2        4.10   Party: any party to this action, including all of its officers, directors,

3 employees, consultants, retained experts, and Outside Counsel (and their support

4 staffs).

5        4.11   Producing Party: a Party or Non-Party that produces Disclosure or

6 Discovery Material in this action.

7        4.12   Professional Vendors: persons or entities that provide litigation

8 support services (including but not limited to: photocopying, videotaping,

9 translating, preparing and reviewing discovery material, exhibits or

10 demonstrations, and organizing, storing, or retrieving data in any form or

11 medium) and their employees and subcontractors.

12        4.13   Protected Material: any Disclosure or Discovery Material that is

13 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

14 ATTORNEYS' EYES ONLY."

15        4.14   Receiving Party: a Party that has signed this Stipulation that receives

16 Disclosure or Discovery Material from a Producing Party.

17 **V. SCOPE**

18        5.1   The protections conferred by this Stipulation and Order cover not only

19 Protected Material (as defined above), but also (1) any information copied or

20 extracted from Protected Material; (2) all copies, excerpts, summaries, or

21 compilations of Protected Material; and (3) any testimony, conversations, or

22 presentations by Parties or their Counsel that might reveal Protected Material.

23 However, the protections conferred by this Stipulation and Order do not cover the

24 following information: (a) any information that is in the public domain at the time

25 of disclosure to a Receiving Party or becomes part of the public domain after its

26 disclosure to a Receiving Party as a result of publication not involving a violation

27 of this Order, including information that has become part of the public record

28 through trial or otherwise; and (b) any information known to the Receiving Party

1   prior to the disclosure or obtained by the Receiving Party after the disclosure from
2   a source who obtained the information lawfully and under no obligation of
3   confidentiality to the Designating Party or Producing Party.

4   **VI.  DURATION**

5       6.1   The confidentiality obligations imposed by this Order shall remain in
6   effect until a Designating Party agrees otherwise in writing or a court order
7   otherwise directs.  Final disposition shall be deemed to be the later of: (1)
8   dismissal of all claims and defenses in this action, with or without prejudice; or
9   (2) final judgment herein after the completion and exhaustion of all appeals,
10   rehearings, remands, trials, or reviews of this action, including expiration of the
11   time limits for filing any motions or applications for extension of time pursuant
12   to applicable law.

13   **VII.  DESIGNATING PROTECTED MATERIAL**

14       7.1   Exercise of Restraint and Care in Designating Material for
15   Protection.  Each Party or Non-Party that designates information or items for
16   protection under this Order must take care to limit any such designation to specific
17   material that qualifies under the appropriate standards.  To the extent it is practical
18   to do so, the Designating Party must designate for protection only those parts of
19   material, documents, items, or oral or written communications that qualify – so
20   that other portions of the material, documents, items, or communications for
21   which protection is not warranted are not swept unjustifiably within the ambit of
22   this Order.

23       7.2  Mass, indiscriminate or routinized designations are prohibited.
24   Designations that are shown to be clearly unjustified or that have been made for
25   an improper purpose (e.g., to unnecessarily encumber the case development
26   process or to impose unnecessary expenses and burdens on other parties) may
27   expose the Designating Party to sanctions.

28       7.3  If it comes to a Designating Party's attention that information or items

- 7 -

that it has designated for protection do not qualify for any protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing or altering the mistaken designation.

7.4 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, sections 7.5(a) and 7.5(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

7.5 Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page of the document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents that it wishes to have copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each page of the document that contains Protected Material.

(b) for transcripts of depositions or other pretrial or trial proceedings,

that the original and all copies of any transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by the court reporter at the request of any party. This request may be made orally during the proceeding or in writing within thirty (30) days of receipt of the transcript of the proceeding. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

Transcripts containing Protected Material shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material. If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)    for information produced in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Material in the load file.

(d)    for information and items not produced in documentary form, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7.6    <u>Failure to Designate</u>. A failure to designate qualified information or items, whether by inadvertence or otherwise, does not, standing alone, waive in

- 9 -

1    whole or in part the Designating Party's right to secure protection under this Order

2    for such material.  Upon subsequent correction of a designation, the Receiving

3    Party must make reasonable efforts to assure that the material is treated in

4    accordance with any revised designations under the provisions of this Order and

5    promptly collect any copies of the material that have been provided to individuals

6    other than those authorized under Paragraph 9 of this Order.  The Designating

7    Party may also request the individuals to execute the "Acknowledgment and

8    Agreement to Be Bound" that is attached hereto as Exhibit A.

9    **VIII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

10         8.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

11    designation of confidentiality at any time.  Unless a prompt challenge to a

12    Designating Party's confidentiality designation is necessary to avoid foreseeable,

13    substantial unfairness, unnecessary economic burdens, or a significant disruption

14    or delay of the litigation, a Party does not waive its right to challenge a

15    confidentiality designation by electing not to mount a challenge promptly after

16    the original designation is disclosed.

17         8.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

18    resolution process by providing written notice of each designation it is

19    challenging and describing the basis for each challenge.  To avoid ambiguity as

20    to whether a challenge has been made, the written notice must recite that the

21    challenge to confidentiality is being made in accordance with this specific

22    paragraph of the Protective Order.  The parties shall attempt to resolve each

23    challenge in good faith and must begin the process by conferring directly (in

24    voice-to-voice dialogue; other forms of communication are not sufficient) within

25    seven (7) days of the date of service of notice.  In conferring, the Challenging

26    Party must explain the basis for its belief that the confidentiality designation was

27    not proper and must give the Designating Party an opportunity to review the

28    designated material, to reconsider the circumstances, and, if no change in

designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process or has established that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

8.3   <u>Judicial Intervention</u>.   Subject to Paragraph 8.2, the Challenging Party shall initiate the dispute resolution process under Local Rule 37 et seq.

8.4   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## IX.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for litigating or attempting to settle their present dispute.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

9.2   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.3   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party,

a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel; as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, or employees (including House Counsel) for the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f)     professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)     during their depositions or in court proceedings, witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j)     any mediator or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions.

9.4     Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS'

EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    no more than three (3) House Counsel of the Receiving Party, that has previously been identified to the other side in writing, to (1) whom disclosure is reasonably necessary for this litigation, and (2) who have no involvement in competitive decision-making.

(c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound," Exhibit A.

(d)    the Court and its personnel;

(e)    court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f)    professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)    any mediator or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions.

- 13 -

## X. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

10.1    If a Party is served with a discovery request, subpoena, or a court order from another litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2    If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XI. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1.    A Non-Party's protected material sought to be produced in this litigation.

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material.  Such information

- 14 -

1 produced by Non-Parties in connection with this litigation is protected by the
2 remedies and relief provided by this Order. Nothing in these provisions should
3 be construed as prohibiting a Non-Party from seeking additional protections.

4     (b)    Both Parties shall be treated as a Receiving Party with respect to any
5 information produced by a Non-Party in this action. To the extent that a Party
6 obtains information from a Non-Party via subpoena, or otherwise, the Party shall
7 produce the information to the other Party within 5 business days, unless the Party
8 can demonstrate good reason why it is not possible to do so.

9     (c)    In the event that a Party is required, by a valid discovery request, to
10 produce a Non-Party's confidential information in its possession (other than
11 information produced in this litigation by a Non-Party), and the Party is subject
12 to an agreement with the Non-Party not to produce the Non-Party's confidential
13 information, then the Party shall:

14     1.    promptly notify in writing the Requesting Party and the Non-
15 Party that some or all of the information requested is subject to a confidentiality
16 agreement with a Non-Party;

17     2.    promptly provide the Non-Party with a copy of the Stipulated
18 Protective Order in this litigation, the relevant discovery request(s), and a
19 reasonably specific description of the information requested; and

20     3.    make the information requested available for inspection by the
21 Non-Party.

22     (d)    If the Non-Party fails to object or seek a protective order from the
23 Court within fourteen (14) days of receiving the notice and accompanying
24 information, the Receiving Party may produce the Non-Party's confidential
25 information responsive to the discovery request. If the Non-Party timely seeks a
26 protective order, the Receiving Party shall not produce any information in its
27 possession or control that is subject to the confidentiality agreement with the Non-
28 Party before a determination by the court. Absent a court order to the contrary,

- 15 -

1  the Non-Party shall bear the burden and expense of seeking protection in this
2  court of its Protected Material.

3  **XII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4        12.1   If a Receiving Party learns that, by inadvertence or otherwise, it has
5  disclosed Protected Material to any person or in any circumstance not authorized
6  under this Stipulated Protective Order, the Receiving Party must immediately (a)
7  notify in writing the Designating Party of the unauthorized disclosures, (b) use its
8  best efforts to retrieve all unauthorized copies of the Protected Material, (c)
9  inform the person or persons to whom unauthorized disclosures were made of all
10  the terms of this Order, and (d) request such person or persons to execute the
11  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
12  A.

13  **XIII.  PRODUCTION OF PRIVILEGED OR OTHERWISE**
14        **PROTECTED MATERIAL**

15        13.1   When a Producing Party gives notice to Receiving Parties that
16  certain inadvertently produced material is subject to a claim of privilege or other
17  protection, the obligations of the Receiving Parties are those set forth in Federal
18  Rule of Civil Procedure 26(b)(5)(B).  In accordance with Federal Rule of
19  Evidence 502(d), the attorney-client privilege or work-product protection is not
20  waived as a result of the disclosure of information in connection with this
21  litigation through inadvertence or error.  Such production of documents or
22  information subject to attorney-client privilege, work-product immunity, or any
23  other applicable privilege shall not constitute a waiver of, nor a prejudice to, any
24  claim that such or related material is Protected Material, privileged or protected
25  by the work-product immunity or any other applicable privilege, provided that
26  the Producing Party notifies the Receiving Party in writing promptly upon
27  discovery of such information.  Within five (5) business days of receiving such
28  notice, the Receiving Party shall return such information or documents or confirm

in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. The Receiving Party may move the court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a party becomes aware that it has received documents that are clearly privileged, the party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and return or destroy all copies of the privileged documents, if the Producing Party so requests within ten (10) business days after being advised of the inadvertent production. If the Producing Party does not request return or destruction of the identified privileged documents within this ten (10) business day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

## XIV. MISCELLANEOUS

14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4   <u>Use of a Party's Own Protected Material</u>. Nothing in this Stipulation and Protective Order restricts in any way a Party's use or disclosure of its own Protected Material.

14.5   <u>No Presumption as to Confidentiality</u>.  The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary, or a trade secret.   The fact that any information is disclosed used, or produced in this Action with a confidentiality designation shall not be offered in any Action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

14.6.   <u>No Modification of Existing Rights</u>.  This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Material.

## XV.   **FINAL DISPOSITION**

15.1   Within sixty (60) days after the latest of any final disposition, as defined in Section 6, of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   As used in this

- 18 -

1   subdivision, "all Protected Material" includes all copies, abstracts, compilations,
2   summaries, and any other format reproducing or capturing any of the Protected
3   Material.  Whether the Protected Material is returned or destroyed, the Receiving
4   Party must submit a written certification to the Producing Party (and, if not the
5   same person or entity, to the Designating Party) by the 60-day deadline that (1)
6   identifies (by category, where appropriate) all the Protected Material that was
7   returned or destroyed and (2) affirms that the Receiving Party has not retained
8   any copies, abstracts, compilations, summaries, or any other format reproducing
9   or capturing any of the Protected Material.  Notwithstanding this provision,
10  Counsel are entitled to retain archival copies of all pleadings, motion papers, trial,
11  deposition, and hearing transcripts, legal memoranda, correspondence, deposition
12  and trial exhibits, expert reports, and associated exhibits, attorney work product,
13  and consultant and expert work product, even if such materials contain Protected
14  Material. Any such archival copies that contain or constitute Protected Material
15  remain subject to this Protective Order as set forth in Section 6.  In addition, this
16  provision does not require the Receiving Party to search through or delete
17  automatically generated computer backup files that are created for disaster
18  recovery purposes (e.g., computer backup tapes), if such files are not readily
19  accessible.

20

21  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23                          Respectfully submitted,

24                          KNOBBE, MARTENS, OLSON & BEAR, LLP

25
                            By: /s/ Lauren Keller Katzenellenbogen
26                          Michael K. Friedland
                            Lauren Keller Katzenellenbogen
27                          Jason A. Champion

28                          Attorneys for Plaintiff

- 19 -

Pacific Packaging Concepts, Inc.

FENWICK & WEST LLP

By: /s/ Meghan Fenzel (with permission)
Eric Ball
Meghan Fenzel
Sapna S. Mehta

Attorneys for Defendants
NutriSystem, Inc., and
NutriSystem IPHC, Inc.

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated:  December 18, 2019          */s/ Lauren Keller Katzenellenbogen*
                                                        Lauren Keller Katzenellenbogen

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  1/23/20

Hon. ~~Otis D. Wright H~~ Charles F. Eick
~~District Court Judge~~ Judge
United States magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the matter of *Pacific Packaging*

*Concepts, Inc. v. Nutrisystem, Inc.*, Civil Action No. 2:19-cv-04755-ODW-Ex. I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

31963321

- 21 -