O

United States District Court
Central District of California

| | |
|---|---|
| PACIFIC PACKAGING CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUTRISYSTEM, INC, et al., <br><br> Defendants. | Case No. 2:19-cv-04755-ODW (Ex) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [59]** |

## I.  INTRODUCTION

Plaintiff Pacific Packaging Concepts, Inc. initiated this action against Nutrisystem, Inc. and Nutri/System IPHC, Inc. (collectively, "Nutrisystem") for trademark infringement because Nutrisystem allegedly marketed and sold products using Pacific Packaging's "Fresh Start" mark. (Compl., ECF No. 1.) Pending before the Court is Pacific Packaging's Motion for Partial Summary Judgment on its claims for trademark infringement, false designation of origin, and unfair competition. The Motion is fully briefed. (Mot. Partial Summ. J, ("MPSJ"), ECF Nos. 59, 87; Opp'n, ECF No. 116; Reply, ECF No. 118.)  For the reasons discussed below, the Court **DENIES** Pacific Packaging's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Pacific Packaging sells vitamins and mineral supplements under the name Fresh Start Vitamin Company and claims rights to a federal trademark registration for "Fresh Start" in dietary supplements containing multivitamins and minerals. (*See* Pacific Packaging's Statement of Uncontroverted Facts ("PUF") 4, 7, ECF No. 87-1.)[2] In December 2018, Nutrisystem released a new weight management product, Nutrisystem FreshStart, which included a meal kit and probiotic shake mix. (*See* PUF 17; Nutrisystem's Statement of Genuine Issues ("NSGI") 29, 30, ECF No. 116-1.)

On May 31, 2019, Pacific Packaging initiated this action claiming that Nutrisystem infringed its trademark by using the Fresh Start mark in connection with its new product. (*See generally* Compl.) Pacific Packaging asserted claims for trademark infringement, counterfeiting, false designation of origin, and trademark dilution under federal law; unfair competition and false advertising under California law; and trademark infringement under common law. (*Id.* ¶¶ 39–94.) On December 3, 2020, the Court dismissed Pacific Packaging's claims for counterfeiting and trademark dilution pursuant to the parties' stipulation. (Min. Order, ECF No. 50.) Pacific Packaging now moves for partial summary judgment.

## III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*,

---

[2] The Court **OVERRULES** all boilerplate objections and improper argument in the parties' Statement of Uncontroverted Facts and Statement of Genuine Issues. (*See* Scheduling and Case Mgmt. Order 7–9, ECF No. 27.) Further, where the objected evidence is unnecessary to the resolution of the Motion or supports facts not in dispute, the Court need not resolve those objections here. To the extent the Court relies on objected-to evidence in this Order, those objections are **OVERRULED**. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (proceeding with only necessary rulings on evidentiary objections).

550 U.S. 372, 378 (2007).  A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).  Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.  *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that sets out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1.  A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute.  C.D. Cal. L.R. 56-2.  "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without

controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

To prevail on a claim for trademark infringement, "a plaintiff must show that: 1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause confusion." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018). The same requirements apply to claims for false designation of origin and unfair competition. *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 768 (C.D. Cal. 2015).

"Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002). The Ninth Circuit has "cautioned against granting summary judgment" in cases turning on the likelihood of consumer confusion, which involves a non-exhaustive, multi-factor, fact-intensive inquiry. *JL Beverage Co. v. Jim Beam Brands Co.*, 828 F.3d 1098, 1105–06 (9th Cir. 2016) (explaining the eight-factor *Sleekcraft* test requires a review of, among other things, the strength of the mark, evidence of actual confusion, and the proximity or relatedness of the goods).

Here, it is undisputed that Pacific Packaging has a valid trademark for "Fresh Start." (*See* PUF 7; NSGI 7.) However, Nutrisystem's evidence demonstrates there are numerous genuine disputes of material fact regarding the likelihood of confusion; including, the strength of Pacific Packaging's mark, (*see* NSGI 70–100), evidence of actual confusion, (NSGI 143–150), and the relatedness of the goods, (NSGI 31–67). These are factual issues for a jury. *See, e.g.*, *Fortyune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010) ("We are far from certain that consumers were likely to be confused as to the source

of [the product], but we are confident that the question is close enough that it should be answered as a matter of fact by a jury, not as a matter of law by a court.").

Accordingly, the Court finds that Pacific Packaging is not entitled to partial summary judgment on its claims for trademark infringement, false designation of origin, and unfair competition.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Pacific Packaging's Motion. (ECF No. 59.)

**IT IS SO ORDERED.**

August 10, 2021

_____
            **OTIS D. WRIGHT, II**
       **UNITED STATES DISTRICT JUDGE**